Rosario Garzot de Fernández et al., Plaintiffs and Appellees, v. Garzot & Fuertes, Inc., et al., Defendants and Appellees; The National City Bank of New York, Intervener and Appellant.*

No. 6650.   Argued November 28, 1934.—Decided February 12, 1935.

* Note.—On appeal to the U. S. Circuit Court of Appeals for the First Circuit, this decision was affirmed. See *National City Bank* v. *Garzot*, 83 F. (2d) 476.

*E. T. Fiddler* and *J. L. Córdova* for appellant. *Leopoldo Feliú* for plaintiffs-appellees. *Arturo Aponte, Henry G. Molina, F. González, Jr.,* and *Walter L. Newsom, Jr.,* for defendants-appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In August 1932, Rosario and Matilde Garzot and their husbands, Faustino and Angel Fernández, brought this action in the District Court of Humacao against Garzot & Fuertes and other persons to rescind a certain contract of lease of rural properties, and to cancel a crop lien constituted by Garzot & Fuertes, upon the properties which it had leased from the plaintiffs, among others.

Garzot & Fuertes did not appear, and on January 14, 1933, a default judgment was rendered against it containing the following pronouncements:

". . . Pronounces judgment, adjudges and decrees and orders that the lease contract entered into by plaintiffs Rosario and Matilde Garzot and their husbands Faustino Fernández Rodríguez and Angel Fernández Ortiz, respectively, with defendant Garzot & Fuertes, on May 6, 1928, appearing from deed number 23 of that date, executed before Mr. Pedro Pérez Pimentel, a notary at Humacao, be and it is hereby rescinded and terminated, and the aforesaid parties are released forever from the respective and reciprocal obligations which they assumed in the said contract; it being further ordered and commanded, consequently, by this judgment that the said defendant immediately deliver to the said plaintiff the properties which were included in the said contract and which are the following:

[Here five properties are duly described.]

"And it is adjudged, ordered, and decreed further by this judgment that the sugar canes existing on the property named 'Fortuna' above described under letter B, belong exclusively to plaintiffs' Rosario and Matilde Garzot and their aforesaid husbands Faustino Fernández Rodríguez and Angel Fernández Ortiz, as to one-half,

and to Rosario Aguayo de la Fuente Viuda de Garzot, as to the other half of the said sugar cane, the latter being co-usufructuary with the ladies plaintiffs afore-mentioned, with respect to the aforesaid properties;

"And it is likew'se decreed and ordered that any record of the said lease contract which may appear on the books of the office of the Registrar of the Property for the D:strict of Humacao · be immediately canceled by the latter; and that, upon this judgment being final (*firme*), the clerk shall issue a writ to the marshal for this judicial district so that he may see to it that this judgment be complied with, by delivery of the material possession of the said properties, together with whatever may be a part thereof, to the plaintiffs, and that a writ be likewise issued to the Registrar of the Property covering the cancellation herein provided for, with the costs up to now incurred, as to one-third of them, on the said defendant.

"This judgment is rendered without including in the same any of the other rights which are in controversy in this litigation, as to which decision is expressly reserved for the proper time."

Several months after the above judgment was rendered, or on May 18, 1933, The National City Bank of New York moved for and obtained leave to intervene in the case.

Its complaint in intervention as filed reads thus:

"(1) That the National City Bank of New York is a banking association organized according to the laws of the United States of America with principal office in the City of New York and duly authorized to do business in this island; that defendant Garzot & Fuertes is a corporat:on organized according to the laws of Puerto Rico with principal office in Naguabo, Puerto Rico, and is engaged in agriculture and especially in the production, transportation and processing of sugar from cane; that defendant Rosario Aguayo de la Fuente, Viuda de Garzot, is of age, a widow and resident of Naguabo; that defendant United Porto Rican Bank is a banking corporation organized according to the laws of Puerto Rico with principal office in Caguas, P. R.; that defendant United Porto Rican Sugar Company (of Porto Rico) is a corporation organized according to the laws of Puerto Rico with principal office in the city of Caguas, P. R.,; that plaintiff Rosario Garzot de Fernández is of age and married to plaintiff Faustino Fernández, who is also a resident of Naguabo and of age, and plaintiff Matilde Garzot de Fernández is also of age, married

to Don Angel Fernández Ortiz, also of age, and both residents of Naguabo, P. R.

"(2) That on the 15th of May 1928, defendant Garzot & Fuertes negotiated a crop loan (*crédito refaccionario*) with defendant United Porto Rican Bank in the amount of $350,000 to be devoted to meeting the expenses of cultivation of the lands referred to in the third paragraph of this complaint, among others, and of administration, conservation and repair of the buildings and machinery of the said corporation standing on the above-mentioned parcels, and, at the same time, as evidence of the said loan, signed and delivered to the United Porto Rican Bank ten (10) promissory notes for the principal amount of $35,000 each, numbered from one to ten inclusive, of which notes those numbered from one to four, both inclusive, have been paid, there remaining unpaid those numbered from five to ten inclusive. That the United Porto Rican Bank endorsed and delivered the said notes numbered from five to ten, both inclusive, to the intervener The National City Bank of New York, which is the present holder of the said notes.

"True copies of the face of said notes are hereunto attached and made a part of this complaint.

"There appears on the back of each one of the said notes the following endorsement: "United Porto Rican Bank (signed) George W. Muller, Treasurer (signed) M. S. Kayner, Manager."

"(3) That in order to secure the payment of the said notes, of interest thereon up to the amount of $10,000 and of costs up to the amount of $5,000 in the event of judicial action, the corporation Garzot & Fuertes, by public deed number 24 executed on May 15, 1928, before Notary Don Pedro Pérez Pimentel, charged and burdened with a crop lien all of the plantings of sugar cane planted on the parcels which are described below, among others, the said crop lien being inclusive of and to cover the years mentioned in the said deed, that is, from May 15, 1928 until May 15, 1938, and remain in force until the total amount of the said loan, with the corresponding interest, costs expenses and attorneys' fees, should be fully paid, said lien including all of the sugars to be produced from the said canes.

"The description of the parcels is as follows: .

[Here five rural properties are described.]

"(4) That the said crop lien was recorded, and the record thereof is in force, in the Registry of Agricultural Contracts of the district of Humacao, Puerto Rico, as to the parcels above described in paragraph three of this bill, among others.

"(5) The third clause of the said deed No. 24 of May 15, 1928, before Notary Pedro Pérez Pimentel, reads in part as follows:

"'Third. If Garzot & Fuertes should fail to comply with any of the obligations to be set forth, the Bank or any holder of the said notes may consider all of them as due, with the right of proceeding judicially to collect them and to foreclose the securities given by this instrument.

"'1. If it should fail to pay any one note within ten days from its maturity.

"'2. If two quarterly installments of interest should be owing on any one note, and if such interest should not be paid within ten days from the maturity of the second such quarterly installments.'

"(6) Garzot & Fuertes are now owing two quarterly installments of interest on the aforesaid notes and there have elapsed more than ten days from the maturity of the last of the two quarterly installments owed, and neither Garzot & Fuertes nor anyone else has paid the said interest.

"(7) That at present Garzot & Fuertes is owing The National City Bank of New York, by virtue of the aforesaid promissory notes, the amount of $210,000 of principal, with interest on the said sum at the rate of 8 per cent per annum, which interest amounts to $18,794.75, which sums are due and in spite of which, and in spite of the demands made by intervener, The National City Bank of New York, neither Garzot & Fuertes nor anyone else has paid the said amounts either in whole or in part.

"(8) That on the parcels referred to in the third paragraph of this complaint there are planted four hundred seventy-three (473) acres of cane ratoons, approximately, which according to information and belief are being ground in the current sugar crop and will continue to be ground in the following crops.

"(9) That, according to information and belief, the United Porto Rican Bank, subsequent to the execution of public deed No. 24 of May 15, 1928, before notary public Pedro Pérez Pimentel, above mentioned, and by deed No. 33 executed July 29, 1931, before notary Walter L. Newsom, Jr., entered into a crop loan contract with defendant Garzot & Fuertes, subject to the crop lien acquired by deed No. 24 above referred to in this paragraph, to secure a crop loan up to the sum of $668,972.05 for the purposes of cultivating and maintaining the parcels which have been referred to in paragraph 3 of this complaint, among others, which amount, according to information and belief, was to be represented by promissory notes issued by defendant Garzot & Fuertes.

"(10) That in this case the plaintiffs Rosario Garzot de Fernández and Matilde Garzot de Fernández allege ownership of the parcels described in paragraph 3 of this complaint and have requested from this court, in their complaint, the rescission of the lease contract entered into by them with Garzot & Fuertes, Inc., alleging and praying further that the court declare that the said plaintiffs hold a claim having priority over all the other claims which any other person might have, on the sugar canes planted on the said parcels described in paragraph 3 of this complaint, and that they further pray that they be declared to be the owners of the said sugar canes before mentioned, among other pertinent prayers.

"(11) That on August 27, 1932, this Honorable Court made, in this case, an order appointing Don Juan Avalo García as receiver of the properties described in the third paragraph of this complaint, which properties are included with others whose canes are subject to the crop lien created to secure the debt of $210,000 plus interest and $5,000 for expenses, costs, and attorneys' fees, and which is owed by the defendant corporation Garzot & Fuertes to the intervener herein, The National City Bank of New York.

"(12) That by virtue of the appointment of the said receiver your intervener lacks an adequate remedy to protect its rights as crop lien creditor, except by intervention in this case.

"Wherefore, your intervener from this court respectfully requests:

"(1) That it be adjudged that your intervener holds a preferred lien on the sugar canes referred to in paragraph 8 of this complaint, on all of the sugars and molasses produced from the said canes during the 1933 crop and subsequent crops until the total payment to this intervener of the crop loan which is specified in this complaint, and of the additional sum of $5,000 provided for the payment of costs, expenses, and attorneys' fees.

"(2) That all of the sugars and molasses produced and/or to be produced in the 1933 crop, from the sugar canes referred to in paragraph 8 of this complaint, and the gross proceeds of their sale be delivered and/or paid to The National City Bank of New York to be applied to the crop loan indebtedness which is set forth in this complaint, without any deduction for expenses incurred or to be incurred by the receiver or any other person, even though necessary for the harvesting, transportation, or grinding of the said sugar canes, or the proceeds from the sale and/or shipment of the said sugars and molasses, and as to the sugar and molasses which should be manufactured from the canes to be produced on the said planting

for the 1934 crop and subsequent crops; that the gross proceeds of the sale of the same be delivered and paid over to The National City Bank of New York to be applied to the aforesaid crop loan indebtedness, without any deduction for expenses incurred or to be incurred by the receiver or by any other person in connection with the planting, cultivating, harvesting, transportation, and/or grinding of the canes and the sale and shipment of the said sugars and molasses, even though the said expenses or any part thereof should be necessary for such purposes."

The plaintiffs demurred to the complaint in intervention for lack of facts sufficient to constitute a cause of action and for ambiguity, and the court sustained the demurrer and granted the intervener leave to amend its complaint. The intervener declined to amend, and thereupon the court entered the judgment on the pleadings, which judgment is the subject of the present appeal.

As may be seen, the case at bar is closely related to that of *Ana María Sugar Co.* v. *Santos, ante,* p. 63, which we have just decided. It is much more complicated, because here the party concerned is not the original crop lienor and there is involved a serious question regarding the validity of the assignment, and because the contract for advances was entered into with a corporation which had leased several properties, among others those belonging to the plaintiffs, not only for the purpose of attending to the cultivation thereof but also to defray all the expenses of administration, preservation and repair of the buildings and machinery of the lessee corporation standing on the properties; and the intervener seeks to collect all that it alleges as due to it by virtue of the contract for advances, from the crops produced or which may hereafter be produced upon the plaintiffs' properties during the term of the contract for advances which extends up to May 11, 1938, notwithstanding its knowledge that the lease contract was rescinded for failure on the part of the lessee to perform its obligations, and without having directly assumed the fulfillment of said obligations.

The jurisprudence laid down in the cited case of Ana María Sugar Co., *supra,* may be summarized thus:

Where the contract for advances is entered into with the lessee of a property and such lessee fails to carry out the conditions stipulated in the lease, if the crop loan creditor wishes to enforce all the rights which the special law on the subject grants to him, he must assume the lessee's obligations to the landlord and duly fulfill them in accordance with the provisions of section 3 of that law.

If he fails to do so, his rights with regard to the crops existing on the leased properties will be confined to such as his debtor, the lessee, may have upon them, to be regulated in accordance with the general provisions of the Civil Code regarding preference and priority of payment of credits, and subject to the rule established by section 4 of the said special law.

Applying that jurisprudence to this case, the affirmance of the judgment appealed from herein necessarily follows without the need of discussing or deciding any of the other questions raised, inasmuch as here the intervener does not allege in its complaint that it had performed for the lessee, nor does it state in it facts sufficient to show the preference of its credit with regard to the crops existing on the properties of the plaintiffs at the time of the rescission of the lease contract, since it does not specify what part of the advances, if any, was used in the raising of such crops.

The judgment appealed from must be affirmed.